IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RON BASCUE and MELISSA BASCUE, )
)
Plaintiffs, ) TC-MD 130434N
)
v. )
)
MARION COUNTY ASSESSOR, )
)
)
Defendant. ) **FINAL DECISION**

The court entered its Decision in the above-entitled matter on February 14, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiffs appealed the disqualification of 0.8 acres of property identified as Account R21961 (subject property) from farm use special assessment for the 2013-14 tax year. A trial was held in the Oregon Tax Courtroom on January 8, 2014, in Salem, Oregon. Melissa Bascue (Melissa) and Ron Bascue (Ron) appeared and testified on behalf of Plaintiffs.[1] Glen White (White), Lead Appraiser, Rural Section, appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 through 8 and Defendant's Exhibits A through V were admitted.

I. STATEMENT OF FACTS

The subject property is 2.5 acres comprised of a 1.0 acre homesite and 1.50 acres of land that had been specially assessed farm land in the exclusive farm use (EFU) zone since 1976. (Def's Exs A-B, E.) White testified that another appraiser with Defendant's office, Susan Smith

---

[1] When referring to a party in a written decision, it is customary for the court to use the last name. However, in this case, the court's Decision recites facts and references to two individuals with the same last name, Bascue. To avoid confusion, the court will use the first name of the individual being referenced.

(Smith), initially contacted Plaintiffs about the farm use of the subject property May 2012. (*See* Def's Exs C-D.) Defendant sent notice to Plaintiffs on May 10, 2012, that it would

> "start[] the disqualification process on .80 acres because: on-site during our cycle work shows that this portion of the property is now a parking area for equipment and has been graveled. This fails to meet the definition of 'farm use' as outlined in ORS 308A.056 and no longer qualifies for farm use special assessment program."

(Def's Ex E.) White testified that Defendant gave Plaintiffs one year after sending the May 10, 2012, letter to return the 0.8-acre portion of the subject property back to farm use.

On May 3, 2013, Defendant sent another notice to Plaintiffs stating that it would be disqualifying 0.8 acres of the subject property that failed to meet the definition of "farm use." (Def's Ex F.) On June 3, 2013, Defendant sent a letter to Plaintiffs notifying them that 0.8 acres of the subject property had been disqualified because it was "no longer being used as farmland" and the property would "be assessed under ORS 308.156 with an estimated market value of $150,000." (Def's Ex G-1.) Plaintiffs challenge the June 3, 2013, disqualification.

Melissa testified that Plaintiffs breed and raise cattle on the subject property. She testified that Plaintiffs also lease 1.5 acres of pasture from their neighbors and provided a "land rental agreement" dated July 1, 2008. (*See* Ptfs' Ex 5.) Melissa testified that Plaintiffs purchased a bull and heifers in 2007. (*See* Ptfs' Exs 6-7.) She testified that, as of the date of trial, Plaintiffs owned three cows, but had owned up to six in the past. Plaintiffs provided cattle vaccination records dated in 2012 and a bill of sale dated December 27, 2012, for the sale of a calf born in August 2012. (Ptfs' Exs 2-4.) Plaintiffs provided their 2012 Schedule F showing $2,074 gross income from farming and total farm expenses of $4,865. (Ptfs' Ex 1.)

Melissa testified that Plaintiffs' cows use the disqualified portion of the subject property as well as 0.7-acre pasture that remains qualified. (*See generally* Ptfs' Ex 8.) She testified that,

especially when the pasture is wet and muddy, the cows prefer to stand on the graveled portion of the subject property, which is the disqualified area. Melissa provided photographs that she took in December 2013 showing cows on the disqualified portion of the subject property and showing the muddy pasture. (*Id.* at 1-2, 4-6.) Several photographs show a fence and gate between the graveled area and the pasture. (*See id.* at 6, 8.) Melissa testified that Plaintiffs added the fence and gate after July 2013.

White testified that he has inspected numerous farm properties in Marion County in his capacity as a farm appraiser for Defendant. He testified that he does not dispute that Plaintiffs keep cattle on the subject property, but disagrees that Plaintiffs' farm use of the disqualified portion of the subject property was more than casual or incidental. White testified that, one relevant factor in considering disqualification is the ratio of non-farm use to farm use on a parcel. He testified that, in his view, 0.8 acres is too large a parcel to be used for non-farm activities relative to a 0.7 acre parcel that is farmed. White testified that Plaintiffs' photographs from December 2013 are not relevant to the issue of whether the subject property qualified for farm use special assessment for the 2013-14 tax year, noting the assessment date was January 1, 2013.

White provided aerial photographs of the subject property from July 2010, July 2012, and May 2013; a photograph taken by Smith during her inspection in May 2012; and photographs that he took of the subject property in April and August 2013. (Def's Exs L-V.) White testified that the aerial photographs from July 2012 and May 2013 show four to five vehicles, several large piles of gravel, a boat, piles of wood, and brush in the southwest corner of the disqualified portion of the subject property. (Def's Exs L, M.) He testified that the May 2012 photograph taken by Smith shows that the disqualified portion of the subject property has been entirely graveled. (Def's Ex O.) White testified that, during his inspection in April 2013 he observed

blackberries and brush in the southwest corner of the disqualified portion of the subject property, piles of dirt and rock, a dump truck, a Catperpillar excavator, and numerous vehicles. (Def's Exs P-R.) He testified that, as of his August 2013 inspection of the subject property, a new fence and gate had been added to the subject property, although the gravel piles, debris, boat, and vehicles remained parked on the property. (Def's Exs R-V.) White testified that, in his view, the photographs from 2012 and 2013 demonstrated a lack of farm use on the disqualified portion of the subject property.

In response to Defendant's photographs, Ron testified that the "tank" seen in several of the photographs is diesel fuel. He testified that the Caterpillar excavator was used to clean up the area where the cattle feed and re-rock the field. Ron testified that the cars and trucks seen in the photographs are only sporadically located at the subject property; otherwise they are located at his shop in Aurora. He testified that Plaintiffs have moved the boat that could be seen on the subject property. Ron testified that the wood pile on the subject property is for the wood burning stove in the "shop," located on the homesite. He testified that the rock piles in the photographs are used on the subject property. Ron testified that there are some blackberries growing on the subject property, although Plaintiffs have cut them back periodically in the past. Melissa testified that one of the vehicles in White's photographs of the subject property was a cow trailer.

## II. ANALYSIS

ORS 308A.062(1) states that "[a]ny land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128, unless disqualified under other provisions of law."[2] "Farm use" is defined as "the current employment of land for the primary purpose of obtaining a profit in

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2011.

money by" one of a number of statutorily enumerated farming and farm-related activities, including "[f]eeding, breeding, managing or selling livestock," and "maintaining equipment and facilities used for" one of the enumerated farm uses described in the statute. ORS 308A.056(1)(b), (f).

"The use of the word 'current' [in ORS 308.056(1)[3]] refers to the present use of the land and suggests that the past or future use is largely irrelevant. The word 'employment' suggests an active, purposeful, directed use of the land." *Everhart v. Dept. of Rev.*, 15 OTR 76, 79 (1999). "[T]he use of the land must be 'for the primary purpose of obtaining a profit in money.' That phrase looks to the intent of the user of the land. Inasmuch as intent is a subjective state of mind, it must be induced from objective observable conduct." *Id.* at 79-80. The taxpayer need not actually make a profit when the land is in the EFU zone. *See id.* at 80. However, "[i]t is also clear that the legislature viewed bona fide farms as those farms that produced products or crops sold in the open market. Small operations such as raising chickens for family use or a few pigs to trade with a neighbor for some other product or service do not qualify." *Id.*

> "It is imperative to note that the farm use provisions * * * were not designed merely to provide tax relief to those who mechanically follow some statutory minimum. Rather, the legislative policy is to stimulate the retention of currently productive farmland for agricultural use; to retard the diversion of agricultural land to other uses; and to stimulate adoption of these policies by providing a tax benefit to those who seek income by using the land for farm purposes only."

*Beddoe v. Dept. of Rev.*, 8 OTR 186, 189 (1979) (citations omitted).

Plaintiffs have the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). If

---

[3] The court construed the provisions of ORS 215.203(2) (1995), the operative language of which was identical to that in ORS 308A.056(1).

the evidence is inconclusive or unpersuasive, Plaintiffs will have failed to meet their burden of proof. *See Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

The county assessor is required to disqualify land in an EFU zone "upon the discovery that the land is no longer being used as farmland[.]" ORS 308A.113(1)(a). Pursuant to its rulemaking authority under ORS 308A.059(1), the Department of Revenue has promulgated a rule identifying "pertinent information" to be considered by the assessor "to determine if property qualifies as farm use land." OAR 150-308A.056(3)(b). That list includes "[u]ses of the land for other than farming operation" and "[r]atio of farm or agricultural use as against other uses of the land." OAR 150-308A.056(3)(b)(H), (I). As required by ORS 308A.113(1)(a) and in accordance with guidance provided by OAR 150-308A.056(3)(b), Defendant disqualified 0.8 acres of the subject property from farm use special assessment for the 2013-14 tax year based on its discovery that that portion of the subject property was no longer being used as farmland.

Plaintiffs assert that the disqualified portion of the subject property was used to support its farming activities, namely breeding and raising cattle. Defendant does not question that Plaintiffs kept cattle on the subject property, but disagrees that the farm use of the disqualified portion of the subject property was more than casual or incidental. Plaintiffs failed to provide any evidence, other than photographs from December 2013, demonstrating that the disqualified portion of the subject property was used for breeding and raising cattle. The photographs from December 2013 may provide evidence of a future intent to farm the disqualified portion of the subject property, but are not relevant to this appeal.

The evidence presented demonstrates that the disqualified portion of the subject property was graveled and, at various times between 2010 and 2013, used to store vehicles, gravel, a boat, a wood pile, a debris pile, a dump truck, an excavator, a diesel fuel tank, and brush. Maintaining

equipment used for qualifying farm activities is a qualifying farm use. ORS 308A.056(1)(b), (f). The court does not doubt Plaintiffs' testimony that some of the items stored on the disqualified portion of the subject property, such as the excavator, were used to support Plaintiffs' farming. However, Plaintiffs failed to offer any specific evidence, including dates, of that use.

Several of the items stored on the disqualified portion of the subject property, such as the boat and numerous vehicles, are not typically used as part of an "accepted farming practice." ORS 308A.056(4)(a); *see also Hunt v. Douglas County Assessor*, TC-MD No 050838C, WL 625291 at *3 (Mar 6, 2006) (storage of "welding equipment and other tools used to work on old cars and airplanes," an airplane, a "recreational vehicle," "some 55 gallon drums," "a large fuel tank trailer and some scrap metal" is not a qualifying farm use). Other items, such as the rock piles, may have been on the disqualified portion of the subject property as part of a farm use, but Plaintiffs failed to provide any specific evidence demonstrating when and how those items were used in their farming activities.

III.  CONCLUSION

After carefully considering the testimony and evidence presented, the court concludes that Plaintiffs failed to prove by a preponderance of the evidence that the disqualified portion of the subject property was used for farm use for the 2013-14 tax year.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of March 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

***If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR. Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.***

*This document was signed by Magistrate Allison R. Boomer on March 3, 2014. The court filed and entered this document on March 3, 2014.*